IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMY AND GARY ARBUCKLE, | ) | Case No. 08 B 09778 |
| | ) | |
| Debtors and Debtors in Possession. | ) | Hon. Pamela Hollis |

**FIRST AMENDED PLAN OF REORGANIZATION**

This Plan of Reorganization (hereinafter "Plan") is filed by AMY AND GARY ARBUCKLE (the "Debtors"), Debtors and Debtors in Possession, pursuant to Title 11 of the United States Code, § 1121(a), on April 2, 2009.

CONTENTS

ARTICLE I        -    Definitions
ARTICLE II       -    Construction
ARTICLE III      -    Classification of Claims
ARTICLE IV       -    Treatment of Claims Not Impaired Under the Plan
ARTICLE V        -    Treatment of Claims that are or may be Impaired by the Plan
ARTICLE VI       -    Implementation of the Plan
ARTICLE VII      -    Effects of Confirmation and Performance
ARTICLE VIII     -    Transfers of Claims
ARTICLE IX       -    Executory Contracts and Unexpired Leases
ARTICLE X        -    Retention, Enforcement, Settlement or Adjustment of Claims Belonging to the Debtors or to the Estate
ARTICLE XI       -    Modification of the Plan
ARTICLE XII      -    Jurisdiction of the Court
ARTICLE XIII     -    Confirmation of the Plan and Miscellaneous Provisions

ARTICLE I
DEFINITIONS

  1.00 The following terms, when used in the Plan, shall, unless the context otherwise requires, have the meanings specified below:

  1.01 ADMINISTRATIVE CLAIM: An administrative expense which is entitled or purportedly is entitled to priority pursuant to § 507(a)(1) of the Code, including any actual and necessary expenses of preserving the estate, for which application for allowance has been filed prior to the Effective Date or such other date or dates as the Court determines.

  1.02 ALLOWANCE DATE: The date an order of Court allowing a Claim in this Chapter 11 case has become final and non-appealable and no appeal therefrom is pending.

  1.03 ALLOWED ADMINISTRATIVE CLAIM: An Administrative Claim as the same is allowed, approved and ordered paid by the Court.

  1.04 ALLOWED CLAIM: A claim (i) a proof of or application for which is filed within the time fixed by the Court or, if the claim arose out of the rejection of an executory contract or unexpired lease, within the time fixed by the Court or as provided in Article IX of the Plan; or (ii) that has appeared, or hereafter appears, in the final schedules filed by the Debtor under § 521(1) of the Code, except a claim that is disputed, contingent or unliquidated as to amount and, in each case, to which no objection to the allowance thereof has been filed within the applicable period fixed by the Court, or as to which the order of Court allowing such claim has become final and non-appealable and no appeal therefore is pending. Allowed Claim includes Allowed Secured Claims and Allowed Priority Tax Claims. Allowed Claim shall not include any Allowed Administrative Claim.

  1.05 ALLOWED SECURED CLAIM: An Allowed Claim to the extent that it is determined by the Court to be secured by a valid and subsisting lien, security interest or other encumbrance (other than any liens, security interests or other encumbrances granted under the Plan) on property in which the Debtors have an interest which is not void or voided under applicable state or federal law, including the Code, or that is subjected to setoff under § 533 of the Code.

  1.06 CASE: The Chapter 11 case of AMY AND GARY ARBUCKLE, initiated as a voluntary Chapter 11 Case under the Bankruptcy Code by the Debtors on April 21, 2008.

  1.07 CLAIMS: All obligations and liabilities of the Debtors of every kind and nature incurred prior to the Confirmation Date, including without limitation, liquidated and unliquidated claims, disputed and undisputed claims, contingent and unconditional claims, allowed and disallowed claims, Secured Claims, and Priority Tax Claims.

  1.08 CODE: Title 11 of the United States Code 11 U.S.C. §§ 101 et seq. and amendments thereto.

  1.09 COMMITTEE:  The creditor's committee as now or hereafter constituted which was or may be appointed in this case.

  1.10 EFFECTIVE DATE or CONFIRMATION DATE:  The date of the entry by the Court of an order confirming the Plan.

  1.11 COURT:  The United States Bankruptcy Court, a unit of the United States District Court, for the Northern District of Illinois, Eastern Division (Bankruptcy Court), including the United States Bankruptcy Judge presiding in this case or, as appropriate or required, the United States District Court for said District and Division (District Court), and any Court having competent jurisdiction to hear appeals therefrom.

  1.12 CREDITORS: All persons and entities holding or purporting to hold claims. Creditors shall include Secured Creditors.

  1.13 DEBTORS:  Amy and Gary Arbuckle, individuals reorganizing under Chapter 11 of the United States Bankruptcy Code.

  1.14 EFFECTIVE DATE:  The date on which the order confirming the Plan becomes final and non-appealable and on which date no such appeal is pending.

  1.15 EQUITY INTEREST:  Debtors' equitable interest in any real or personal property as of the Confirmation Date.

  1.16 INSIDER:   Any relative of the Debtors or a general partner of the Debtors, or a partnership in which either of the Debtors is general partner, or a general partner of the Debtors, or a corporation of which either Debtor is a director, officer, or person in control.

  1.17 INSIDER'S CLAIM:  Every Claim of every Insider except Claims found upon a right of subrogation, exoneration or contribution for payment by an Insider of all or part of an Allowed Claim of a Creditor other than an Insider.

  1.18 INTEREST:  Unless otherwise expressly stated in the Plan, interest shall mean simple interest at the specified annual rate.  Where daily calculations are applicable or appropriate, the per diem rate shall be calculated on the basis of the number of days in the actual calendar year or month as the case may be.

  1.19 PLAN:  DEBTORS' PLAN OF REORGANIZATION as set forth herein or as it may be modified or amended.

  1.20 PRIORITY CLAIM:  An Allowed Claim other than an Allowed Administrative Claim or an Allowed Priority Tax Claim to the extent that the Court determines that such claim is entitled to priority treatment under § 507 of the Code.

1.21    PRIORITY TAX CLAIM:  A Claim entitled to or purportedly entitled to priority pursuant to § 507(a)(8) of the Code.

1.22    SECURED CLAIM:  A Claim secured or purporting to be secured in whole or in part by a lien, security interest or other encumbrance (other than any liens, security interest or other encumbrances granted under the Plan) on property in which the Debtors have an interest (herein called the Collateral) which is not void or voidable under applicable state or federal law, including the Code, or that is subject to setoff under § 533 of the Code.

1.23    SECURED CREDITOR:  A Creditor having an Allowed Secured Claim.

## ARTICLE II
## CONSTRUCTION

2.00    Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Code and in the Rules of Bankruptcy Procedure.

2.01    The table of contents, Article and Section captions used in the Plan are for convenience only, and shall not affect the construction of the Plan.

2.02    In the event of ambiguity or uncertainty, the Plan shall be liberally construed in light of the circumstances then preset to best effectuate the polices and rehabilitative purposes of the Bankruptcy Code and especially Chapter 11 thereof.

## ARTICLE III
## CLASSIFICATION OF CLAIMS

3.00    UNCLASSIFIED CLAIMS shall be Allowed Administrative Claims, including fees owing to professionals whose employment has been approved by the Court, and statutory fees owing to the United States Trustee.  Unclassified Claims are unimpaired.

3.01    CLASS I CLAIMS are the claims of Aurora Loan Services, which are secured by the first and second mortgages recorded against the Debtors' real property located at 908 Linden Avenue, Oak Park, Illinois.  Class I claims are impaired.

3.02    CLASS II CLAIMS are the claims of Wells Fargo Home Mortgage, which are secured by first and second mortgages against the Debtors' real property at 4671 East Colorado Avenue, Denver, Colorado.  Class II claims are unimpaired.

3.03    CLASS III CLAIMS are the claims of JP Morgan National Association and Countrywide Home Lending for first and second mortgages, secured by the Debtors' real property located at 306 Penbree Circle, Bala Cynwyd, Pennsylvania.  Class III claims are impaired.

3.04 The only CLASS IV CLAIM is held by Jon Crooker ("Crooker"), who holds an unsecured claim against the Debtors for the amount of $13,635.00. Class IV is impaired.

3.05 The only CLASS V CLAIM is held by HPSC, Inc. ("HPSC"), which has an unsecured claim in the amount of $26,790.64. Class V is impaired.

3.06 CLASS VI CLAIMS are all allowed general unsecured claims without priority, excluding the claims of HPSC, Inc. and Jon Crooker. Class VI claims are impaired.

## ARTICLE IV
## TREATMENT OF CLAIMS NOT IMPAIRED BY THE PLAN

4.00 UNCLASSIFIED CLAIMS The claims of the Debtors' attorneys shall be paid prior to any distribution to general unsecured creditors. The claims of the Debtors' attorneys will be paid in full by the end of the 15th month of the Plan. The statutory fees owed to the United States Trustee will be paid current at confirmation, and will be paid in full during the Plan as they become due.

4.01 CLASS II CLAIMS of Wells Fargo Home Mortgage are unimpaired under the Plan, because the Debtors will maintain their current monthly payments to Class II creditors during the term of the Plan, and will adjust the payments as necessary for any changes in escrow, insurance, and mortgage interest rates.

4.02 All claims other then Class II claims are presumed to be impaired.

## ARTICLE V
## TREATMENT OF CLAIMS THAT ARE OR MAY BE
## IMPAIRED UNDER THE PLAN

5.00 CLASS I CLAIMS: The Debtors surrender their interest in the property located at 908 Linden Avenue, Oak Park, Illinois, to Aurora Loan Services LLC in full and final satisfaction of the claims of Aurora Loan Services LLC.

5.01 CLASS III CLAIMS: The Debtors surrender their interest in the property located at 306 Penbree Circle, Bala Cynwyd, Pennsylvania (the "Pennsylvania Property") to JP Morgan Chase Bank, National Association ("JP Morgan") and Countrywide Home Lending ("Countrywide"), in full and final satisfaction of the claims of both JP Morgan and Countrywide.

5.02 CLASS IV CLAIM: The Class IV claim of Jon Crooker will be paid in twelve (12) monthly installments of $350.00 beginning on January 1, 2009, for a total of $3,500.00, without interest.

5.03 CLASS V CLAIM: The Class V claim of HPSC, Inc. will be paid in twenty-six (26) payments of $542.27 per month beginning March 1, 2009, and two payments of $634.58 on June 1, 2011 and July 1, 2011, for a total of $15,199.02, without interest.

   5.04  CLASS VI CLAIMS:  The holders of all Class VI general unsecured claims without priority will be paid twenty percent (20%) of their allowed claims, without interest. Interest shall not accrue on any Class VI claims during the term of the Plan, whether or not the claims are dischargeable under 11 U.S.C. § 1129.  The Debtors will remit a total of $6,809.14 in the 24th month of the Plan, $9,335.87 in the 36th month of the Plan, $18,560.26 in the 48th month of the Plan, and $18,560.26 in the 60th month of the Plan to Class VI claimants, pro rata.

ARTICLE VI
IMPLEMENTATION OF THE PLAN

MANAGEMENT, OWNERSHIP, OPEREATIONS:

   6:00[A]  After reorganization, the Debtors will continue to possess their assets and to manage their affairs. The Debtors shall have the right to develop a business, to negotiate and enter into contracts, to purchase equipment, to incur new indebtedness, to enter into partnerships and joint ventures, to hire and fire professionals, and to pay post-petition creditors on a current basis without further order of court.

FUNDING

   6.01  Payments required under the Plan shall be funded from the income generated by the Debtors from their employment.

DISTRIBUTION TO CREDITORS

   6.02  The Debtors shall be responsible for making all distributions and other payments required under the Plan.

DISPUTED CLAIMS

   6.03[A]  In the event that a Non-Tax Claim is not allowed by the Court until after one or more distributions or payments otherwise would have been due under the Plan on account of such Claim, then, every such payment or payments, which would have been due earlier to that Creditor, shall be made within ninety (90) days after the Allowance Date of such Claim.

   6.03[B]  In the event that a dispute arises as to a Priority Tax Claim, the Debtors shall continue to remit such payments as though no such dispute has occurred, until such time as the dispute is resolved.

   6.03[C]  The Debtors shall have the right to object to claims for 60 days after confirmation of the Plan.

REPORTS

6.04   Pursuant to the requirements of Bankruptcy Rule 2015(a)(5), the Debtors shall file written reports of the distributions made under the Plan, and serve copies of the reports on the United States Trustee.

NOTICES

6.05   Unless the Court orders otherwise, all notices required to be given to the Debtors shall be delivered to AMY AND GARY ARBUCKLE at the address listed in the Schedules, and to the attorneys of record for the debtor.  At the time of confirmation, the Debtors' attorneys of record are:  Forrest L. Ingram and Peter L. Berk, 79 West Monroe, Suite 900, Chicago, IL 60603.  Copies of notices to the Debtors shall also be served upon the United States Trustee.

6.06   Unless the Bankruptcy Court, the Bankruptcy Rules, or the Local Rules require other and further notice, notice shall be deemed sufficient if given to the Debtors, the U.S. Trustee, the Attorney for the Debtors, and every holder of an Allowed Secured Claim directly and materially affected by the matter which is the subject of the notice.  Notice to all interested persons shall not be necessary, except in the event of a general and material modification of the Plan for which a general vote of creditors is required by the Code.

## ARTICLE VII
### EFFECTS OF CONFIRMATION AND PERFORMANCE

7.00  In addition to any other effects of confirmation set forth in 11 U.S.C. § 1141 or arising under any other law or out of the Plan:

(i)  Confirmation of the Plan shall bind to the provisions of the Plan, the Debtors, and all creditors, whether or not any claim or interest of any such creditor is impaired under the Plan, and whether or not any such creditor has accepted the Plan.

(ii)  Confirmation of the Plan shall vest all of the property of the Debtors' estate in the Debtors.

(iii)  All property dealt with by the Plan shall be free and clear of claims and interests of creditors and equity security holders, except as otherwise expressly provided in the Plan.

## ARTICLE VIII
### TRANSFERS OF CLAIMS

8:00   In the event that any Creditor shall transfer his Claim, it shall deliver to the Debtors and their attorneys, by certified United States Mail written notice of such transfer, including the name and address of the transferee.  The Debtors shall be entitled to assume that no transfer of any Claim has been made until the Debtors shall have so received such written notice to the contrary.  Each transferee of any Claim shall take such Claim subject to the provisions of the Plan and to any request made, waiver or consent given, or other action taken hereunder; and,

except as expressly provided in such notice, the Debtors shall be entitled to assume conclusively that the transferee named in such notice shall thereafter be vested with all rights and powers under the plan of the transferor with respect thereto.

  8:01 In the event that the Debtors have scheduled a creditor that has transferred its claim to a third party prior to the filing of the case, and the third party has filed a claim in the place of the original scheduled creditor, the third party's claim shall replace the scheduled claim, and payment to the third party filer shall constitute payment of the originally scheduled claim.

## ARTICLE IX
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  9.00 The Debtors assume their lease of a 2005 Chrysler Town and Country automobile from DaimlerChrysler Financial Services.

  9.01 The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 9.00 above, on or before the date of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE X
## RETENTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT
## OF CLAIMS BELONGING TO THE DEBTORS OR TO THE ESTATE

  10.00 The Debtors shall retain and have the right to enforce all causes of action, previously known or unknown, if any, existing in favor of the estate.  The Debtors shall have the right to employ such attorneys, accountants, or other experts as may be necessary to enforce the causes of action retained here.

## ARTICLE XI
## MODIFICATION OF THE PLAN

  12.00 The Debtors may propose modifications to the Plan, at any time before confirmation, provided that such Plan as modified meets the requirements of § 1122 and § 1123 of the Code, and the Debtors shall have complied with  § 1125 of the Code.

  12.01 A holder of a claim or interest that has accepted or rejected the Plan shall, upon modification of the Plan, be deemed to have accepted or rejected the Plan as modified unless, within the time fixed by the Court, such holder changes such holder's previous acceptance or rejection.

ARTICLE XII
JURISDICTION OF THE COURT

13.00   Until this Chapter 11 case is closed, the Court shall retain jurisdiction over all matters, including but not limited to the following:

13.01   The classification or subordination of the claims of any creditor and re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed against creditors' claims.  (The failure by the Debtors to object to, or to examine any claims for the purpose of voting, shall not be deemed to be a waiver of the Debtors' rights to object to, or re-examine the claim in whole or in part.)

13.02   The determination of all questions and disputes regarding title to the assets of the estate, and determinations of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtors and any other party, including but not limited to, any right of the Debtors to recover assets pursuant to the provisions of Title 11 of the United States Code.

13.03   The completion or adjudication of any and all adversary or contested proceedings now or hereafter arising.

13.04   The entry or enforcement of any and all orders, including injunctions, necessary to enforce the title, rights, and powers of the Debtors and to impose such limitations, restrictions, terms and condition of such title, rights and powers as the Court may deem necessary.  A violation of any provision of the Plan shall constitute a violation of the Order Confirming the Plan.

13.05   The correcting of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan, or the order of confirmation, or any other order entered by this Court as may be necessary to carry out the purposes of this Plan.

13.06   Any necessary interpretation or enforcement of the terms and conditions of this plan and any order entered by this Court.

13.07   Any order or other actions necessary to protect or preserve any assets or proceeds being administered under the Plan.

13.08   The entry of an order concluding and terminating the case.

ARTICLE XIII
CONFIRMATION OF THE PLAN AND MISCELLANEOUS PROVISIONS

14.00   The Debtors submit that all of the applicable requirements of subsection (a) of § 1129 of the United States Bankruptcy Code are met with respect to the Plan, that it has been proposed in good faith and not by any means forbidden by law, and that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan.

14.01   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

14.02   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

14.03   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

14.04   Unless a rule of law or procedure is supplied by Federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Respectfully submitted,

AMY AND GARY ARBUCKLE


/s/ Peter L Berk
One of their attorneys


Forrest L. Ingram, Esq.
Peter L. Berk, Esq.
79 W. Monroe, Suite 900
Chicago, IL 60603-4907
(312) 759-2838
Atty. No. 3129032